IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

UNITED STATES OF AMERICA,

                    Plaintiff,                JURY INSTRUCTIONS

v.                                                      16-cr-5-wmc

MAURICE ADONIS WITHERS,

                    Defendant.
_____

## II. POST TRIAL JURY INSTRUCTIONS

      Members of the jury, you have seen and heard all the evidence. Before the arguments of the attorneys, I will instruct you on the law. Afterward I will give you brief instructions on conducting your deliberations and then the case will be in your hands.

## CONSIDERATION OF THE EVIDENCE

      All of the introductory instructions that I gave you at the beginning of this trial still are in effect. I will give you copies of those instructions to take back to the jury room with you.

      You have received evidence of a statement said to be made by the defendant to _____. You must decide whether the defendant did make the statement. If you find that the defendant did make the statement, then you must decide what weight, if any, you believe the statement deserves. In making this decision, you should consider all matters in evidence having to do with the statement, including those concerning the defendant herself, and the circumstances under which the statement was made.

      In deciding the believability of witnesses, you should judge defendant's testimony in the same way as you judge the testimony of any other witness.

The defendant has an absolute right not to testify. In arriving at your verdict, you must not consider the fact that the defendant did not testify.

You have heard evidence that the defendant committed acts other than the ones charged in the indictment. Specifically, _____. Before using this evidence, you must decide whether it is more likely than not that the defendant did the acts that are not charged in the indictment. If you decide that he did, then you may consider this evidence to held you decide _____. You may not consider this evidence for any other purpose.

You may not use this evidence to infer that the accused has a certain character trait and that the accused acted in conformity with that trait with respect to the offenses charged in this case. The issue is not whether the accused is of good or bad character but whether the government has proven the charges beyond a reasonable doubt.

You have heard evidence that _____ have been convicted of crimes. You may consider this evidence only in deciding whether the testimony of any of these witnesses is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.

You have heard evidence that the defendant has been convicted of crimes. You may consider this evidence only in deciding whether the defendant's testimony is truthful in whole, in part, or not at all. You may not consider it for any other purpose. A conviction of another crime is not evidence of the defendant's guilt of the crime for which the defendant now is charged.

You have heard [reputation/opinion] evidence about the character trait of _____ _____ for truthfulness [or untruthfulness]. You should consider this evidence in deciding the weight that you will give to _____'s testimony.

You have heard [reputation and/or opinion] evidence about the defendant's character trait for [truthfulness, peacefulness, etc]. You should consider character evidence together with all the other evidence in the case and in the same way.

You have heard evidence that before the trial, witnesses made statements that may be inconsistent with their testimony here in court. If you find that it is inconsistent, you may consider the earlier statement only in deciding the truthfulness and accuracy of that witness's testimony in this trial. You may not use it as evidence of the truth of the matters contained in that prior statement. If that statement was made under oath, you may also consider it as evidence of the truth of the matters contained in that prior statement.

A statement made by the defendant before trial that is inconsistent with the defendant's testimony here in court may be used by you as evidence of the truth of the matters contained in it, and also in deciding the truthfulness and accuracy of the defendant's testimony in this trial.

_____has admitted lying under oath. You may give his testimony such weight as you believe it deserves, keeping in mind that it must be considered with caution and great care.

3

You must consider with caution and great care the testimony of any witness who is currently addicted to drugs. It is up to you to determine whether the testimony of a drug addict has been affect by drug use or the need for drugs.

You have heard [a witness / witnesses], namely _____, who gave opinions and testimony about [_____]. You do not have to accept [this witness's /these witnesses'] opinions or testimony. You should judge [this witness's /these witnesses'] opinions and testimony the same way you judge the testimony of any other witness. In deciding how much weight to give to these opinions and testimony, you should consider the [witness's / witnesses'] qualifications, how [s/he /they] reached these [opinions / conclusions] and the factors I have described for determining the believability of testimony.

During trial you heard recorded conversations. These recordings are proper evidence that you should consider together with and in the same way that you consider the other evidence.

Certain summaries/charges were admitted in evidence. [You may used these summaries/charges as evidence {even though the underlying documents are not/evidence is not here.]
[The accuracy of the summaries/charges has been challenged . [The underlying documents have /evidence has been admitted so that you may determine whether the summaries are accurate.] [It is up to you to decide how much weight to give to the summaries.]

Certain summaries/charges were shown to you to help explain other evidence that was admitted, specifically, _____. These summaries/charts are not themselves evidence or proof of any facts [so you will not have these particular summaries/charts during your deliberations.] If these summaries/charges do not correctly reflect the facts shown by the evidence, then you should disregard the summaries/charts and determine the facts from the underlying evidence.

## THE INDICTMENT

The indictment in this case is the formal method of accusing the defendant of offenses and placing the defendant on trial. It is not evidence against the defendant and it does not create any inference of guilt.

The defendant is charged in the indictment as follows:

### COUNT 1

During the period from in or about February 2015 to in or about July 2015, in the Western District of Wisconsin and elsewhere, the defendant, Maurice Adonis Withers, knowingly recruited, enticed, harbored, transported, and maintained by any means "Jane Doe 1" [who now has been identified as Tiffany Campbell] in and affecting interstate commerce, knowing that force, threats of force, coercion, and any combination of such means, would be used to cause "Jane Doe 1" to engage in a commercial sex act.

(In violation of Title 18, United States Code, Section 1591(a)(1)).

### COUNT 2

From on or about April 22, 2015 to on or about April 24, 2015, in the Western District of Wisconsin and elsewhere, the defendant, Maurice Adonis Withers, knowingly transported and caused to be transported an individual, that is, "Jane Doe 1" [who now has been identified as Tiffany

Campbell], in interstate commerce, from Wisconsin to Nevada, with intent that "Jane Doe 1" engage in prostitution.

(In violation of Title 18, United States Code, Section 2421).

### COUNT 3

On or about August 16, 2015, in the Western District of Wisconsin, the defendant, Maurice Adonis Withers, knowingly attempted to recruit, entice, harbor, transport, and maintain by any means "Jane Doe 1" [who now has been identified as Tiffany Campbell], in and affecting interstate commerce, knowing that the force, threats of force, coercion, and any combination of such means, would be used to cause "Jane Doe 1" to engage in a commercial sex act, in violation of Title 18, United States Code, Section 1591(a)(1).

(In violation of Title 18, United States Code, Section 1594(a)).

### COUNT 4

On or about August 29, 2015, in the Western District of Wisconsin, the defendant, Maurice Adonis Withers, knowingly recruited, enticed, harbored, transported, and maintained by any means "Jane Doe 2" [who now has been identified as Samantha Young] in and affecting interstate commerce, knowing that force, threats of force, coercion, and any combination of such means, would be used to cause "Jane Doe 1" to engage in a commercial sex act.

(In violation of Title 18, United States Code, Section 1591(a)(1)).

### COUNT 5

During the period from in or about April 2015 to in or about June 2015, in the Western District of Wisconsin and elsewhere, the defendant, Maurice Adonis Withers, knowingly recruited, enticed, harbored, transported, and maintained by any means "Jane Doe 3" [who now has been identified as Zarkonia Kivlin] in and affecting interstate commerce, knowing, or in reckless disregard of the fact, that "Jane Doe 3" had not

attained the age of 18 years and would be caused to engage in a commercial sex act.

(In violation of Title 18, United States Code, Section 1591(a)(1)).

## COUNT 6

From on or about April 22, 2015 to on or about April 24, 2015, in the Western District of Wisconsin and elsewhere, the defendant, Maurice Adonis Withers, knowingly transported and caused to be transported an individual who had not attained the age of 18, that is, "Jane Doe 3" [who now has been identified as Zarkonia Kivlin], in interstate commerce from Wisconsin to Nevada, with intent that "Jane Doe 3" engage in prostitution and in any sexual activity for which a person can be charged with a criminal offense.

(In violation of Title 18, United States Code, Section 2423(a)).

## COUNT 7

During the period from in or about June 2015 to in or about July 2015, in the Western District of Wisconsin and elsewhere, the defendant, Maurice Adonis Withers, knowingly recruited, enticed, harbored, transported, and maintained by any means "Jane Doe 4" [who now has been identified as Joanne Kaioula] in and affecting interstate commerce, knowing, or in reckless disregard of the fact, that "Jane Doe 4" had not attained the age of 18 years and would be caused to engage in a commercial sex act.

(In violation of Title 18, United States Code, Section 1591(a)(1)).

## COUNT 8

From on or about April 22, 2015 to on or about April 24, 2015, in the Western District of Wisconsin and elsewhere, the defendant, Maurice Adonis Withers, knowingly transported and caused to be transported an individual, that is, "Jane Doe 5" [who now has been identified as Lindsey Sardenson], in interstate commerce, from Wisconsin to Nevada, with intent that "Jane Doe 1" engage in prostitution.

(In violation of Title 18, United States Code, Section 2421).

## COUNT 9

During the period from in or about February 2015 to in or about July 2015, in the Western District of Wisconsin and elsewhere, the defendant, Maurice Adonis Withers, knowingly recruited, enticed, harbored, transported, and maintained by any means "Jane Doe 5" [who now has been identified as Lindsey Sardenson] in and affecting interstate commerce, knowing that force, threats of force, coercion, and any combination of such means, would be used to cause "Jane Doe 5" to engage in a commercial sex act.

(In violation of Title 18, United States Code, Section 1591(a)(1)).

The defendant has entered a plea of not guilty to each of these charges.

The defendant is not on trial for any act or any conduct not charged in the indictment.

The defendant is presumed to be innocent of the charges against him. This presumption continues during every stage of the trial and your deliberations on the verdict. It is not overcome unless from all the evidence in the case you are convinced beyond a reasonable doubt that the defendant is guilty as charged.

The government has the burden of proving the defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case. The defendant is never required to prove his innocence or to produce any evidence at all.

The indictment charges that many of the offenses were committed "in or about" or "during" a certain date range. The government must prove that an offense happened reasonably close to the dates but it is not required to prove that the alleged offense happened on these exact dates.

### ELEMENTS OF COUNTS 1, 4 AND 9: INTERSTATE SEX TRAFFICKING BY FORCE, FRAUD OR COERCION

To sustain the charge against the defendant in Count 1, 4, or 9 the government must prove these elements:

(1) The defendant knowingly recruited, or enticed, or harbored, or transported, or maintained Tiffany Campbell, Samantha Young, or Lindsey Sardenson, as specified in the count that you are considering;

(2) The defendant either knew or recklessly disregarded the fact that force, or threats of force, or fraud, or coercion or any combination of these would be used to cause Tiffany Campbell, Samantha Young, and/or Lindsey Sardenson, to engage in a commercial sex act; and

(3) This offense was in or affecting interstate commerce.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the count that you are considering, then you should find the defendant guilty of that count.

On the other hand, if you find from your consideration of all the evidence that the government has not proved all of these elements beyond a reasonable doubt as to the count that you are considering, then you must find the defendant not guilty of that count.

### ELEMENTS OF COUNT 3: ATTEMPTED SEX TRAFFICKING BY FORCE FRAUD OR COERCION

To sustain the charge against the defendant in Count 3, the government must prove these elements:

(1) The defendant knowingly attempted to recruit, or entice, or harbor, or transport, or maintain Tiffany Campbell to engage in a commercial sex act;

(2) The defendant either knew, or recklessly disregarded the fact that force, or threats of force, or fraud, or coercion would be used to cause Tiffany Campbell to engage in the commercial sex act;

(3) This offense was in or affecting interstate commerce;

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the count that you are considering, then you should find the defendant guilty of that count.

On the other hand, if you find from your consideration of all the evidence that the government has not proved all of these elements beyond a reasonable doubt as to the count that you are considering, then you must find the defendant not guilty of that count.

For the purposes of the first element of Count 3, to prove that the defendant **attempted** to commit the offense of recruiting or enticing Tiffany Campbell to engage in commercial sex acts affecting interstate commerce, the government must prove beyond a reasonable doubt that the defendant: (1) knowingly took a substantial step toward recruiting or enticing Tiffany Campbell engage in such commercial sex acts, (2) with the intent that Tiffany Campbell actually would engage in such commercial sex acts.

## MEANS

Counts 1, 4 and 9 charge the defendant with committing the crime of sex trafficking using one or more "means"–- whether by recruiting, or enticing, or harboring,

10

or transporting, or maintaining. Count 3 charges the defendant with attempting to commit the crime of sex trafficking by one or more means — again, by recruiting, or enticing, or harboring, or transporting, or maintaining. Counts 5 and 7 charge the defendant with using one or more of these means so that the minors named in those counts would engage in a commercial sex act.

The government does not have to prove that the defendant used *all* three of these means for you to return a guilty verdict on these charges. Proof beyond a reasonable doubt of any one of these means is enough, but to return a guilty verdict, all 12 of you must agree that at least one or more of these means have been proven beyond a reasonable doubt.

Likewise, in Counts 1, 3, 4 and 9, you need only agree unanimously that the defendant committed the offense by force *or* threats of force *or* coercion, *or* a combination of those means. In other words, committing the offense by any one of those means is again enough. To convict the defendant of sex trafficking by force, threats of force, coercion, or two or more of those means, however, you must again all agree that at least one of these means has been proven beyond a reasonable doubt. Similary, if all 12 of you agree that the defendant used a combination of means, you do not have to agree on what the combination was in order to find that the government has met its burden as to this defendant, provided you all agree on at least one of those means.

At the same time, to find that the government met its burden as to one means -- *e.g.*, "force, threat of force, coercion, or a combination of those means" -- all 12 jurors would not have to agree on how the defendant accomplished that means. Again, only by way of example, all 12 jurors must agree that the defendant used force OR threat of force OR coercion, but 6 jurors may find that the government proved it beyond a reasonable doubt because the defendant threatened to shoot a victim, while the other 6 jurors may find beyond a reasonable doubt that the defendant threatened to stab a victim. The

jury's conclusion would not be unanimous if only 6 jurors found beyond a reasonable doubt that the defendant used force and the other 6 found he used threats of force.

**[To be addressed at close of evidence:** *To prove sex trafficking by force, threat of force or coercion, the government does not need to establish a link between any specific sex trafficking act by the person specified in that count and any particular threat or act taken against her. It is sufficient if the government proves that the defendant's threats or acts created a climate of fear that would compel a reasonable person in the position of the woman named in the count you are considering to comply with the defendant's demands, taking into account the totality of the defendant's conduct, the surrounding circumstances, and any vulnerabilities of that woman. A climate of fear that compelled a woman to engage in commercial sex acts may be created not only by the defendant's threats or other acts directed at that woman, but also from defendant's conduct toward other people, of which that woman was aware at the time.*

*Finally, with regard to the first element of Counts 1, 3, 4 and 9, when you consider whether the defendant knowingly recruited, enticed, harbored, transported or maintained a person, you may use the ordinary, everyday definitions of these words. To recruit means to persuade someone to join in or to help with some activity. To entice means to attract someone to do something, usually by arousing hope, interest or desire. To harbor means to give shelter to someone. To transport means to transfer or convey someone from one place to another. To maintain means to support or provide for someone.*]

### ELEMENTS OF COUNTS 5 AND 7: INTERSTATE SEX TRAFFICKING OF A MINOR

To sustain the charge against the defendant in Count 5 or 7 the government must prove these elements:
(1) The defendant knowingly recruited, or enticed, or harbored, or transported, or maintained Zarkonia Kivlin or Joanne Kaioula, as specified in the count that you are considering;

(2) The defendant knew or recklessly disregarded the fact that Zarkonia Kivlin and/or Joanne Kaioula, had not attained the age of 18;

(3) The defendant knew or recklessly disregarded that Zarkonia Kivlin and/or Joanne Kaioula would be caused to engage in a commercial sex act; and

(3) This offense was in or affecting interstate commerce.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the count that you are considering, then you should find the defendant guilty of that count.

On the other hand, if you find from your consideration of all the evidence that the government has not proved all of these elements beyond a reasonable doubt as to the count that you are considering, then you must find the defendant not guilty of that count.

### ELEMENTS OF COUNTS 2 AND 8: TRANSPORTATION FOR PROSTITUTION

To sustain the charge against the defendant in Count 2 or 8 the government must prove these elements:

(1) The defendant knowingly transported or cause to be transported Tiffany Campbell and/or Lindsey Sardenson in interstate commerce:

(2) At the time of the transportation, the defendant intended that Tiffany Campbell and/or Lindsey Sardenson would engage in prostitution.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the count that you are considering, then you should find the defendant guilty of that count.

On the other hand, if you find from your consideration of all the evidence that the government has not proved all of these elements beyond a reasonable doubt as to the count that you are considering, then you must find the defendant not guilty of that count.

### ELEMENTS OF COUNT 6: TRANSPORTING A MINOR FOR PROSTITUTION

To sustain the charge against the defendant in Count 6 the government must prove these elements:

(1) The defendant knowingly transported or cause to be transported Zarkonia Kivlin in interstate commerce:

(2) At the time of transportation, the defendant intended that Zarkonia Kivlin would engage in prostitution or any sexual activity for which a person can be charged with a

criminal offense.

(3) At the time, Zarkonia Kivlin was less than 18 years of age.

The government does not need to prove that the defendant believed or knew that Zarkonia Kivlin was less than 18 years of age.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the count that you are considering, then you should find the defendant guilty of that count.

On the other hand, if you find from your consideration of all the evidence that the government has not proved all of these elements beyond a reasonable doubt as to the count that you are considering, then you must find the defendant not guilty of that count.

## DEFINITIONS

As used throughout these instructions, the term **knowingly** means that the defendant realized what he was doing and was aware of the nature of his conduct and did not act through ignorance, mistake or accident. Knowledge may be proved by a defendant's conduct and by all the facts and circumstances surrounding the case.

A **commercial sex act** means any sex act for which anything of value is given to or received by any person.

As used throughout these instructions, **interstate commerce** means the movement of money, goods, or persons from one state to another. With regard to Counts 1, 3, 4, 5, 7 and 9, the government must prove that the defendant's actions affected or had the potential to affect interstate commerce in any way or degree. This occurs if the natural consequences of the defendant's actions would have had some effect on interstate commerce, however minimal. It is not necessary for you to find that the defendant knew or intended that his actions would affect interstate commerce, or that there had been an actual effect on interstate commerce.

A person **recklessly disregards** a fact when he is aware of, but consciously or carelessly ignores, facts and circumstances that would reveal the fact that force, or threats of force, or fraud, or coercion would be used to cause another person to engage in a commercial sex act.

**Coercion** means:
    (1) Threats of serious harm to or physical restraint against any person; *or*

(2) Any scheme, plan or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to, or physical restrain against any person; ***or***
(3) The abuse or threatened abuse of law or the legal process.

**Serious harm** means any harm, whether physical or non-physical, including psychological, financial, or reputational harm, that is sufficiently serious under the circumstances to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing commercial sexual activity in order to avoid incurring that harm.

The term **abuse or threatened abuse of law or the legal process** means the use or threatened use of a law or legal process, whether administrative, civil, or criminal, in any manner or for any purpose for which the law was not designed, in order to exert pressure on another person to cause that person to take some action or to refrain from taking some action.

## INSTRUCTIONS ON RESPONSIBILITY

By themselves, the defendant's presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish the defendant's guilt.

If the defendant performed acts that advanced a criminal activity but had no knowledge that a crime was being committed or was about to be committed, those acts alone are not sufficient to establish the defendant's guilt.

An offense may be committed by more than one person. The defendant's guilt may be established without proof that the defendant personally performed every act constituting the crime charged.

If the defendant knowingly caused the acts of another, the defendant is responsible for those acts as though he personally committed them.

The defendant need not personally perform every act constituting the crime charged. Every person who willfully participates in the commission of a crime may be found guilty.

Whatever a person is legally capable of doing he can do through another person by causing that person to perform the act. If the defendant willfully ordered, directed or

authorized the acts of another, then he is responsible for such acts as though he personally committed them.

Any person who knowingly aids, abets, counsels, commands, induces or procures the commission of a crime is guilty of that crime. However, that person must knowingly associate himself with the criminal venture, participate in it and try to make it succeed.

### DELIBERATIONS

Upon retiring to the jury room, select one of your number as your presiding juror. This person will preside over your deliberations and will be your representative here in court.

A verdict form has been prepared for you. [*Court reads verdict form*.] Take this form to the jury room, and when you have reached unanimous agreement on the verdict, your foreperson will fill in, date and sign the form.

Each count of the indictment charges the defendant with having committed a separate offense. You must consider each count and the evidence relating to it separate and apart from the other count. You should return a separate verdict as to each count. Your verdict of guilty or not guilty of an offense charged in one count should not control your decision as to any other count.

The verdict must represent the considered judgment of each juror. Whether your verdict is guilty or not guilty, it must be unanimous. You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to re-examine your own views and change your opinion if you come to believe it is wrong. But do not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or for just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts. Your only interest is to determine whether the government has proved its case beyond a reasonable doubt.

Although you have seen that the trial is being recorded by a court reporter, you should not expect to be able to use trial transcripts in your deliberations. You will have to rely on your own memories.

If it becomes necessary during your deliberations to communicate with the court, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with the court by any means other than a signed writing, and the court will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court. You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate

in any way or manner with any member of the jury on any subject touching the merits of the case. You must not reveal to any person, including the court, your numerical split on any verdict question until you have reached a unanimous verdict on every question that you are required to answer.