# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

| | | |
|---|---|---|
| RACHEL WELTY and<br>AFTYN BEHN,<br><br>    *Plaintiffs*,<br><br>v.<br><br>BRYANT C. DUNAWAY,<br>JASON LAWSON,<br>JENNINGS H. JONES,<br>ROBERT J. CARTER,<br>RAY WHITLEY, ROBERT J. NASH,<br>GLENN FUNK, STACEY EDMONSON,<br>BRENT COOPER, RAY CROUCH, and<br>HANS SCHWENDIMANN,<br><br>    *Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 3:24-cv-00768 |

## PLAINTIFFS' SUPPLEMENTAL REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

# I.  INTRODUCTION

On June 28, 2024, this Court entered an order stating that:

> [P]laintiffs are hereby **ORDERED** to file a further Reply by August 1, 2024, in which they should address, among other things, why they believe themselves to be entitled to a preliminary injunction granting protection to nonparties. In so doing, the plaintiffs should account for the fact that, as the defendants have correctly pointed out, the fact that a lawsuit raises a supposed "facial" challenge to a law does not necessarily entitle the plaintiffs to seek relief beyond that required to address their own injuries. *See L. W. ex rel. Williams v. Skrmetti*, 83 F.4th 460, 490 (6th Cir. 2023); *Does #1-9 v. Lee*, 659 F. Supp. 3d 865, 893 (M.D. Tenn. 2023) (Trauger, J.). The plaintiffs should also address the question of whether and why the court can enjoin the law, in full, given the fact that the plaintiffs' substantive arguments are narrowly focused on the recruitment provision.

Doc. 24 at 5–6.

In compliance with the Court's order, the Plaintiffs now file this Supplemental Reply.

# II.  ARGUMENT

## A.  Plaintiffs are entitled to relief that suspends "*all* enforcement" of Tenn. Code Ann. § 39-15-220(a)'s recruitment provision.

The Plaintiffs have both raised (Doc. 1 at 13–14) and supported (Doc. 19 at 17–19) a First Amendment facial overbreadth claim.  Unlike traditional claims—even traditional claims for facial invalidation—"[t]he First Amendment doctrine of overbreadth is an exception to [the Supreme Court's] normal rule regarding the standards for facial challenges."  *Virginia v. Hicks*, 539 U.S. 113, 118 (2003).  In particular:

> The showing that a law punishes a "substantial" amount of protected free speech, "judged in relation to the statute's plainly legitimate sweep," *Broadrick v. Oklahoma*, 413 U.S. 601, 615, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973), suffices to invalidate *all* enforcement of that law, "until and unless a limiting construction or partial invalidation so narrows it as to remove the seeming threat or deterrence to constitutionally protected expression," *id.,* at 613, 93 S.Ct. 2908. *See also Virginia v. Black*, 538 U.S. 343, 367, 123 S.Ct. 1536, 155 L.Ed.2d 535 (2003); *New York v. Ferber*, 458 U.S. 747, 769, n. 24, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982); *Dombrowski v. Pfister*, 380 U.S. 479, 491, and n.7, 497, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965).

*Id.* at 118–19 (emphasis in original).

The Supreme Court "ha[s] provided this expansive remedy out of concern that the threat of enforcement of an overbroad law may deter or 'chill' constitutionally protected speech—especially when the overbroad statute imposes criminal sanctions." *Id.* at 119 (citing *Schaumburg v. Citizens for a Better Environment*, 444 U.S. 620, 634, 100 S.Ct. 826, 63 L.Ed.2d 73 (1980); *Bates v. State Bar of Ariz.*, 433 U.S. 350, 380, 97 S.Ct. 2691, 53 L.Ed.2d 810 (1977); *NAACP v. Button*, 371 U.S. 415, 433, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963)). As *Virginia v. Hicks* explains: "Many persons, rather than undertake the considerable burden (and sometimes risk) of vindicating their rights through case-by-case litigation, will choose simply to abstain from protected speech—harming not only themselves but society as a whole, which is deprived of an uninhibited marketplace of ideas." *Id.* (internal citation omitted). Thus, "[o]verbreadth adjudication, by suspending *all* enforcement of an overinclusive law, reduces these social costs caused by the withholding of protected speech." *Id.*

The question of whether a district court has "authority to enjoin the State from enforcing [a challenged] law against entities other than" a plaintiff was recently presented to the Supreme Court. *Griffin v. HM Fla.-ORL, LLC*, 144 S. Ct. 1 (2023) (Kavanaugh, J., concurring). The Supreme Court declined review, but in a concurring opinion, Justice Kavanaugh addressed Florida's claim "that it should be able to enforce the [enjoined] law against [] non-parties during the pendency of its appeal." *Id.* at 1–2. Noting the crucial distinction that "the issue arises here in the context of a First Amendment overbreadth challenge," Justice Kavanaugh's opinion explained:

> No federal statute expressly grants district courts the power to enter injunctions prohibiting government enforcement against non-parties in the circumstances presented in this case. The question of whether a district court, after holding that a law violates the Constitution, may nonetheless enjoin the government from enforcing that law against non-parties to the litigation is an important question that could warrant our review in the future. But the issue arises here in the context of a First Amendment overbreadth challenge, which presents its own doctrinal complexities about the scope of relief. This case is therefore an imperfect vehicle

for considering the general question of whether a district court may enjoin a government from enforcing a law against non-parties to the litigation. For that reason, the Court is not likely to grant certiorari on that issue in this particular case.

In sum, because this Court is not likely to grant certiorari on the only issue presented in Florida's stay application, it is appropriate for the Court to deny the application.

*Id.* at 2.

Sixth Circuit precedent shares the view that a facially overbroad speech restriction may be enjoined in its entirety. As it has explained, "the First Amendment rule is different under the overbreadth doctrine[,]" so when a plaintiff's overbreadth challenge prevails, "[c]ourts invalidate such statutes *in their entirety* to prevent a 'chilling effect,' whereby speakers self-censor protected speech to avoid the danger of possible prosecution." *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1054 (6th Cir. 2015) (emphasis added) (citing *Hicks*, 539 U.S. at 118–19, *Broadrick*, 413 U.S. at 615). "Consequently, because it impairs a substantial amount of speech beyond what is required to achieve acceptable objectives, 'a statute which chills speech can and must be invalidated where its facial invalidity has been demonstrated.'" *Id.* (quoting *Citizens United v. Fed. Election Comm'n*, 558 U.S. 310, 336 (2010)).

*L. W. ex rel. Williams v. Skrmetti*, 83 F.4th 460, 490 (6th Cir. 2023), and *Does #1-9 v. Lee*, 659 F. Supp. 3d 865, 891 (M.D. Tenn. 2023), *aff'd in part, rev'd in part and remanded sub nom. Doe v. Lee*, 102 F.4th 330 (6th Cir. 2024), are not to the contrary. Neither case involved a First Amendment facial overbreadth claim. And because "the First Amendment rule is different" in facial overbreadth cases, *see Russell*, 784 F.3d at 1054; *Hicks*, 539 U.S. at 119 (explaining why a different "expansive remedy" is available in First Amendment overbreadth cases), it is little surprise that the outcome would be different in First Amendment overbreadth cases. That is because—unlike traditional litigation where only "the legal rights of litigants in actual controversies" are at stake, *United States v. Raines*, 362 U.S. 17, 21 (1960)—facially overbroad

-3-

speech restrictions harm "not only [litigants] but society as a whole, which is deprived of an uninhibited marketplace of ideas[,]" *Hicks*, 539 U.S. at 119, and the right to "receive" information. *See, e.g., Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council, Inc.*, 425 U.S. 748, 757 (1976) ("in *Kleindienst v. Mandel*, 408 U.S. 753, 762-763[ . . .] (1972), we acknowledged that this Court has referred to a First Amendment right to 'receive information and ideas,' and that freedom of speech 'necessarily protects the right to receive.'"); *see also id.* (collecting cases); *Stanley v. Georgia*, 394 U.S. 557, 564 (1969) ("It is now well established that the Constitution protects the right to receive information and ideas."); *Smith v. United States*, 431 U.S. 291, 319, n.18 (1977) (Stevens, J., dissenting) ("the First Amendment necessarily protects the right to 'receive information and ideas.'"); *Citizens United*, 558 U.S. at 339 (referencing "[t]he right of citizens . . . to hear").

**B.    The Plaintiffs seek an injunction enjoining enforcement of Tenn. Code Ann. § 39-15-220(a)'s recruitment provision alone, not the law in full.**

This Court has correctly noted that "plaintiffs' substantive arguments are narrowly focused on the recruitment provision."  Doc. 24 at 6.  That is because the Plaintiffs ask this Court to enjoin enforcement of Tenn. Code Ann. § 39-15-220(a)'s recruitment provision only.

If the Plaintiffs were insufficiently clear about the scope of the injunction they are seeking, they now clarify it.  They ask this Court to enjoin section 39-15-220(a)'s "recruit[ment]" provision—and only that provision—both facially and as applied to them.  If this Court agrees that the Plaintiffs are likely to succeed on the merits of their facial overbreadth challenge and agrees that all other factors of the preliminary injunction inquiry are established, the Plaintiffs also ask this Court to enjoin "*all* enforcement" of section 39-15-220(a)'s "recruitment" provision, including against non-parties.  *Hicks*, 539 U.S. at 118–19.

**C.**     <u>**Additional Argument**</u>

To the extent helpful to the Court when adjudicating the Plaintiffs' motion for a preliminary injunction, the Plaintiffs call this Court's attention to—and they incorporate here—their additional standing and merits analysis set forth in their July 25, 2024 Response in Opposition to Defendants' Motion to Dismiss. *See* Doc. 29 at 7–25.

<u>**III. CONCLUSION**</u>

For the foregoing reasons, pending a final adjudication of the merits of the Plaintiffs' claims, this Court should preliminarily enjoin the Defendants from enforcing Tenn. Code Ann. § 39-15-220(a)'s recruitment provision.

Respectfully submitted,

/s/ Daniel A. Horwitz
DANIEL A. HORWITZ, BPR #032176
MELISSA DIX, BPR #038535
SARAH L. MARTIN, BPR #037707
HORWITZ LAW, PLLC
4016 WESTLAWN DR.
NASHVILLE, TN 37209
daniel@horwitz.law
melissa@horwitz.law
sarahmartin1026@gmail.com
(615) 739-2888

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of July, 2024, a copy of the foregoing and all exhibits and attachments were sent via CM/ECF, USPS Mail, and/or via email, to:

STEVEN J. GRIFFIN (BPR# 040708)
MATTHEW D. CLOUTIER (BPR# 036710)
DONNA L. GREEN (BPR# 019513)
Office of Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202
(615) 741-9598
Steven.Griffin@ag.tn.gov
Matt.Cloutier@ag.tn.gov
donna.green@ag.tn.gov

*Counsel for Defendants*

/s/ Daniel A. Horwitz_____
Daniel A. Horwitz, BPR #032176