UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| RACHEL WELTY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 3:24-cv-00768 |
| v. | ) | |
| | ) | |
| BRYANT C. DUNAWAY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

---

## DEFENDANTS' MOTION TO STAY PROCEEDINGS

---

All proceedings in this matter should be stayed pending resolution of Defendants' appeal of the Court's memorandum opinion and order denying their motion to dismiss and granting Plaintiffs' motion for preliminary injunction.[1]

Plaintiffs filed this action against eleven district attorneys on June 24, 2024, challenging the "recruit[ing]" provision of Tennessee's Underage Abortion Trafficking Act (codified at Tenn. Code Ann. § 39-15-220) under multiple constitutional theories and seeking both declaratory and injunctive relief. Plaintiffs subsequently filed a motion for a temporary restraining order and preliminary injunction. The Court denied Plaintiffs' request for a temporary restraining order but set the preliminary injunction motion for hearing. Defendants then filed a motion to dismiss, thoroughly contesting the legal basis of Plaintiffs' claims against them and challenging the justiciability of this action based on sovereign immunity and lack of standing. On August 30, 2024, the Court conducted an evidentiary hearing and heard oral argument on Plaintiffs' preliminary injunction motion. And on September 20, 2024, the Court issued its memorandum opinion and order preliminarily enjoining

---

[1] Counsel for Defendants has conferred with counsel for Plaintiffs, who oppose the relief requested.

Defendants from enforcing the Act's "recruiting" provision against Plaintiffs or anyone else, "other than in connection with obtaining or attempting to obtain an actually unlawful abortion." ECF 41. The Court further dismissed Plaintiff Welty's claims against four of these Defendants for lack of standing, but it otherwise denied Defendants' motion to dismiss. *Id.* Defendants subsequently appealed the Court's issuance of the preliminary injunction and the denial of their motion to dismiss. ECF 47. Defendants now seek a stay of all proceedings pending resolution of their appeal.

A stay is warranted because Defendants will suffer unfair prejudice if forced to proceed in the district court during the pendency of its appeal. A stay would not prejudice Plaintiffs and would advance judicial economy and sufficiency.

## ARGUMENT

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). When determining whether to grant a stay, courts consider multiple factors, including hardship to the moving party if required to go forward, prejudice to the non-movant, and "the interest in economical use of judicial time and resources." *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 628 (6th Cir. 2014) (quotation omitted); *see Ohio Env't Council v. U.S. Dist. Ct., S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977). Each of those factors favors a stay of all proceedings pending resolution of Defendants' appeal.

First, Defendants would be unfairly prejudiced absent a stay. Defendants have sought dismissal, in part, based on their entitlement to sovereign immunity. "[T]he very object and purpose of the 11th Amendment were to prevent the indignity of subjecting a State to the coercive process of judicial tribunals at the instance of private parties." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (quoting *In re Ayers*, 123 U.S. 443, 505 (1887)). Accordingly, "[t]he entitlement is an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity,

it is effectively lost if a case is erroneously permitted to go to trial." *Id.* at 144 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)); *see also Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015) (holding that "the Eleventh Amendment is a true jurisdictional bar" that can be raised "*sua sponte* at any stage in litigation" and "must be decided before the merits").

This Court's denial of Defendants' claim of sovereign immunity is "immediately appealable under the collateral order doctrine," *Love v. Hamilton Cnty. Dep't of Job & Fam. Servs.*, 610 F.3d 321, 323 (6th Cir. 2010), since it is "effectively unreviewable" on appeal from final judgment, *Universal Life Church Monastery Storehouse v. Nabors*, 35 F.4th 1021, 1030 (6th Cir. 2021). Defendants' notice of appeal "divest[ed] the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). And "sovereign immunity issues call for a broader reading of the … jurisdictional transfer than other issues." *Whole Woman's Health v. Jackson*, 13 F.4th 434, 446 (5th Cir. 2021) (quotation omitted).

If the Sixth Circuit reverses the denial of sovereign immunity, which is at least "conceivable," then this Court would lack jurisdiction over Plaintiff's remaining claims. *Russell*, 784 F.3d at 1046 (noting that sovereign immunity "deprives federal courts of subject-matter jurisdiction" unless it is waived by the State or abrogated by Congress). As the Supreme Court has warned, federal courts proceeding to the merits of a case without certainty of jurisdiction "would threaten to grant unelected judges a general authority to conduct oversight of decisions of the elected branches of Government." *California v. Texas*, 593 U.S. 659, 675 (2021); *see also Whole Woman's Health*, 13 F.4th at 446 (holding that proceedings should not go forward while jurisdictional issues are considered on appeal).

A stay is proper during the pendency of an appeal involving issues of sovereign immunity. *See Goshtasby v. Bd. of Trustees of Univ. of Illinois*, 123 F.3d 427, 428–29 (7th Cir. 1997) (holding that the "district court must stay proceedings" during the pendency of sovereign immunity appeal); *New Albany*

*Main Street Properties v. Watco Companies, LLC*, No. 3:20-CV-343-RGJ, 2022 WL 2070897, at *2 (W.D. Ky. June 8, 2022) (staying proceedings pending resolution of defendant's appeal of order denying motion to dismiss based on sovereign immunity); *Summit Med. Assocs. v. James*, 998 F. Supp. 1339, 1342–43 (M.D. Ala. 1998) (same); *cf. English v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994) (noting that a stay is proper during pendency of qualified-immunity appeal); *Poe v. Haydon*, 853 F.2d 418, 425 (6th Cir. 1988) (same).

*Second*, a stay would not unfairly prejudice Plaintiffs. This Court has preliminarily enjoined Defendants from enforcing the "recruitment" provision against Plaintiffs, other than in the limited circumstances described in the Court's order. *See* ECF 41. So even setting aside Defendants' prior disavowal of enforcement of the recruitment provision against Plaintiffs' specific speech and conduct, *see* ECF 39, the preliminary injunction protects Plaintiffs from any enforcement action against them by any of these Defendants under the Act's recruitment provision during the pendency of the appeal.

*Third*, a stay of all proceedings pending resolution of the appeal would advance judicial economy and sufficiency. The Sixth Circuit's ruling may bear heavily on the legal issues presented, including the jurisdictional issues of standing and sovereign immunity, as well as Plaintiffs' constitutional claims on the merits. A stay would serve the public interest "in conserving judicial resources, minimizing litigation expenses, and arriving at the proper resolution of the case." *Fox v. Cnty. of Saginaw by Bd. of Comm'rs*, No. 19-CV-11887, 2021 WL 872089, at *5 (E.D. Mich. Mar. 9, 2021). To be sure, it would be a waste of resources for the Court and the parties to proceed with discovery or dispositive motions before the issuance of a Sixth Circuit opinion that could substantially clarify the parameters for discovery and further motion practice in this case. *See, e.g., Minn. Voters All. v. Walz*, 494 F. Supp. 3d 610, 611–12 (D. Minn. 2020) (staying proceedings pending appeal of preliminary injunction because, among other things, the appeal was "likely to resolve some of the legal issues in dispute"); *Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 545 F. Supp. 2d 1188, 1190 (D. Kan.

2008) (noting that awaiting the appellate court's resolution of legal issues on appeal of preliminary injunction order because it "would significantly advance the course of th[e] litigation" and best serve "the time and effort of the parties and the court"); *Bray v. QFA Royalties, LLC*, No. 06-cv-02528, 2007 WL 2688858, at *1 (D. Colo. Sept. 12, 2007) (staying proceedings pending appeal of preliminary injunction because "the Tenth Circuit's determination of the legal issues inherent in [the] preliminary injunction decision will edify further proceedings on those same … claims for permanent injunctive relief").

**CONCLUSION**

The Court should stay all proceedings in this matter pending resolution of Defendants' appeal.

Dated: October 21, 2024.                    Respectfully submitted,

/s/ *Steven J. Griffin*
STEVEN J. GRIFFIN (BPR# 040708)
 Senior Counsel for Strategic Litigation
MATTHEW D. CLOUTIER (BPR# 036710)
 Assistant Solicitor General
DONNA L. GREEN (BPR# 019513)
 Managing Attorney and Senior Assistant Attorney
 General
OFFICE OF TENNESSEE ATTORNEY GENERAL
P.O. Box 20207
Nashville, TN  37202
(615) 741-9598
Steven.Griffin@ag.tn.gov
Matt.Cloutier@ag.tn.gov
Donna.Green@ag.tn.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2024, a copy of the foregoing document was filed using the Court's electronic court-filing system, which sent notice of filing to the following counsel of record:

Daniel A. Horwitz
Melissa Dix
Sarah L. Martin
HORWITZ LAW, PLLC
4016 Westlawn Dr.
Nashville, TN 37209
(615) 739-2888
daniel@horwitz.law
melissa@horwitz.law
sarah@horwitz.com

*Counsel for Plaintiffs*

/s/ *Steven J. Griffin*
STEVEN J. GRIFFIN