UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNNESSEE
NASHVILLE DIVISION

RACHEL WELTY, et al. )
)
    Plaintiffs, )
)
v. )   No. 3:24-CV-00768
)
JASON LAWSON, et al., )
)
    Defendants. )

## ORDER

Plaintiffs filed this action, challenging the "recruit[ing]" provision of Tennessee's Underage Abortion Trafficking Act. Tenn. Code Ann. § 39-15-220. Plaintiffs later moved for injunctive relief, Doc. No. 18, and Defendants moved to dismiss. Doc. No. 25. This court granted Plaintiffs' motion, preliminarily enjoining Defendants from enforcing the recruiting provision against Plaintiffs or anyone else, "other than in connection with obtaining or attempting to obtain an actually unlawful abortion." Doc. No. 41, Page ID 587. The court also denied in part the motion to dismiss. *Id.* Defendants appealed the court's issuance of the preliminary injunction and denial of their motion dismiss. Doc. No. 47. Defendants now seek a stay of all proceedings pending resolution of their appeal. Doc. No. 48.

Meanwhile, Plaintiffs moved for summary judgment. Doc. No. 54. On Defendants' motion, the court extended the deadline for the Defendants to respond to the summary judgment motion to January 16, 2025. Doc. No. 61; *see* Doc. No. 65.

This court has the inherent discretionary power to stay proceedings as part of its ability to manage its docket. *Ohio Env't Council v. U.S. Dist. Ct., S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977). At the same time, the court "must tread carefully in granting a stay of

proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Id.* In determining whether to grant a motion to stay, the court considers the balance of hardships between the moving and non-moving parties, and whether granting the stay will promote judicial economy. *OutMemphis v. Lee*, No. 2:23-CV-2670 (SHL/CGC), 2024 WL 2138625, at *2 (W.D. Tenn. May 13, 2024).

Defendants have not shown that any hardship or inequity will result if the stay is denied. And given the pending motion for summary judgment, a stay would only serve to delay the case and would not serve judicial economy. The Sixth Circuit's resolution of the pending appeal is also unlikely to narrow or clarify the issues here because the appeal is of a preliminary ruling. Defendants' Motion to Stay Proceedings (Doc. No. 48) is therefore **DENIED**.

It is so **ORDERED**.

                                                                  JULIA S. GIBBONS
                                                                  Senior Circuit Judge