IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| RACHEL WELTY and <br> AFTYN BEHN, <br><br> *Plaintiffs*, <br><br> v. <br><br> BRYANT C. DUNAWAY, <br> JASON LAWSON, <br> JENNINGS H. JONES, <br> ROBERT J. CARTER, <br> RAY WHITLEY, ROBERT J. NASH, <br> GLENN FUNK, STACEY EDMONSON, <br> BRENT COOPER, RAY CROUCH, and <br> HANS SCHWENDIMANN, <br><br> *Defendants*. | Case No. 3:24-cv-00768 |

**PLAINTIFFS' <u>UNOPPOSED</u> MOTION TO EXTEND DEADLINE TO MOVE FOR ATTORNEY'S FEES AND COSTS AND INCORPORATED MEMORANDUM OF LAW**

## I. INTRODUCTION

Come now the Plaintiffs, through counsel, and respectfully move this Court to extend the deadline for the Plaintiffs to move for attorney's fees and costs until after applicable appellate deadlines expire or any appeal is resolved. *Cf. Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 171 (2000) ("The District Court stayed the time for a petition for attorneys' fees until the time for appeal had expired or until any appeal was resolved."). This Motion is unopposed by the Defendants. As grounds for this Motion, the Plaintiffs respectfully assert as follows:

## II. ARGUMENT

On July 18, 2025, this Court entered a *Memorandum Opinion and Order* granting the

Plaintiffs summary judgment on multiple claims. *See* Doc. 81. This Court's ruling permits an award of reasonable attorney's fees and costs under 42 U.S.C. § 1988(b). *See id.* ("In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318, the Religious Freedom Restoration Act of 1993, the Religious Land Use and Institutionalized Persons Act of 2000, title VI of the Civil Rights Act of 1964, or section 12361 of Title 34, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs[.]").

Under this Court's Local Rules, the deadline to seek an award of attorney's fees is "within (30) days from the District Court's entry of final judgment in the case" unless a different deadline is "provided by statute or order of the Court[.]" *See* LR 54.01(b)(1) ("Unless otherwise provided by statute or order of the Court, a motion for an award of attorney's fees and related nontaxable expenses must be filed within thirty (30) days from the District Court's entry of final judgment in the case."). The Plaintiffs also have a similar deadline with respect to costs. *See* LR 54.01(a)(1).

Here, though, an appeal is likely. Piecemeal fee and cost briefing as to the fees and costs due for the proceedings here—followed by separate briefing on the same matter after appeal—also would be a waste of time and resources, so staying the deadline for such briefing makes sense. *Cf. Friends of the Earth, Inc.*, 528 U.S. at 171 ("The District Court stayed the time for a petition for attorneys' fees until the time for appeal had expired or until any appeal was resolved."). Under such circumstances, "many courts have found it prudent for reasons of judicial economy to defer ruling on a request for attorney's fees until after an appeal has been completed." *See Kryder v. Est. of Rogers*, 321 F. Supp. 3d 803, 809 (M.D. Tenn. 2018) (citing *Nat'l Farmers' Org., Inc. v. Associated Milk Producers, Inc.*, 850 F.2d 1286, 1312 (8th Cir. 1988) (observing that "rather than undertaking the time–consuming task of determining a reasonable attorney's fee, only to see the

-1-

effort overturned on appeal...the district court wisely deferred ruling on attorney's fees and costs pending appeal"); *Philadelphia Indem. Ins. Co. v. Cent. Terminal Restoration Corp.*, No. 16-CV-280 T, 2017 WL 3431404, at *2 (W.D.N.Y. Aug. 10, 2017) (holding that "delaying resolution of [defendant's] request for attorneys' fees until [plaintiff's] appeal on the merits has been decided is the more prudent course of action" because an adverse ruling on the merits by the court of appeals would moot the issue); *Casco, Inc. v. John Deere Constr. & Forestry Co.*, No. CV 13-1325 (PAD), 2017 WL 4226367, at *15 (D.P.R. Mar. 30, 2017) (deferring ruling on motion for attorney fees and costs because "the contested nature of this litigation" made it "reasonable to assume the case will not end here"); *United States ex rel. Harper v. Muskingum Watershed Conservancy Dist.*, No. 5:13CV2145, 2016 WL 1321521, at *1 (N.D. Ohio Apr. 5, 2016) (deferring ruling on request for attorney's fees for several reasons, including that "deciding the motion would have wasted judicial resources" were the court of appeals to reverse); *Medison Am., Inc. v. Preferred Med. Sys., LLC*, No. 05-2390-V, 2008 WL 11411339, at *2 (W.D. Tenn. Jan. 29, 2008) (finding it "within the best interests of the parties and the interest of judicial economy to defer ruling on the motion to award attorney fees until after the appeal on the merits to the Sixth Circuit has been completed")).

For these reasons, this Court should extend the deadline for the Plaintiffs to move for attorney's fees and costs until after applicable appellate deadlines expire or any appeal is resolved. In particular, this Court should order that the applicable deadline should be extended until 30 days after the Defendants' deadline to appeal expires or the appellate mandate issues.

### III. CONCLUSION

For the foregoing reasons, this Court should extend the deadline for the Plaintiffs to move for attorney's fees and costs until after applicable appellate deadlines expire or any appeal is resolved.

-2-

Case 3:24-cv-00768    Document 82    Filed 07/19/25    Page 3 of 5 PageID #: 1135

Respectfully submitted,

/s/ Daniel A. Horwitz_____
DANIEL A. HORWITZ, BPR #032176
SARAH L. MARTIN, BPR #037707
HORWITZ LAW, PLLC
4016 WESTLAWN DR.
NASHVILLE, TN 37209
(615) 739-2888
daniel@horwitz.law
sarah@horwitz.law

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 19th day of July, 2025, a copy of the foregoing and all exhibits and attachments were sent via CM/ECF, USPS Mail, and/or via email, to:

STEVEN J. GRIFFIN (BPR# 040708)
MATTHEW D. CLOUTIER (BPR# 036710)
DONNA L. GREEN (BPR# 019513)
Office of Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202
(615) 741-9598
Steven.Griffin@ag.tn.gov
Matt.Cloutier@ag.tn.gov
donna.green@ag.tn.gov

*Counsel for Defendants*

                                                  /s/ Daniel A. Horwitz
                                                  Daniel A. Horwitz, BPR #032176